## M. H. THRELKELD, ET AL., *v.* B. F. DAVIS.

**Judgment Not Reversed on Evidence.**

In an action at law on a note where no equitable defense is pleaded, parties are entitled to a trial by jury, and where such a suit is transferred to equity on appellant's motion over the appellee's objection and exception, the judgment of the court must be considered as standing in the place of the verdict of a properly instructed jury, and will not be disturbed unless flagrantly against the weight of the evidence.

### APPEAL FROM LIVINGSTON CIRCUIT COURT.

February 27, 1879.

OPINION BY JUDGE ELLIOTT:

On the 13th of November, 1871, L. Fleming executed his note to appellee, B. F. Davis, due one year from date, with interest at 10 per cent. from date, for $1,000, with the appellants and Barnett as his security.

On the 23d day of January, 1875, Fleming and appellee had a settlement, in which appellee charged Fleming with interest at the rate of 10 per cent. on the loan of $1,000, and deducting what he had paid thereon, took his note for $264.25, which settled the interest on the note for $1,000 up to the 13th of November, 1874, making $300 which was credited on the note. In the fall of 1875 appellee and Fleming settled the interest for that year at $100, and Fleming executed his note for that sum, which was credited on the note for $1,000.

In January, 1877, appellee brought this suit against Fleming, Barnett and the appellants for the recovery of the balance due on the

note for $1,000.   The appellants and Barnett, by answer, relied on a contract between appellee and Fleming made after the maturity of the note by which appellee agreed to extend the time of the payment of the note of $1,000 on which they were security, in consideration of the payment by Fleming of 10 per cent. interest per annum.

These securities alleged that on the 23d day of January, 1875, Fleming agreed to pay 10 per cent. from the execution of the note up to that time, and 10 per cent. on for another year, provided appellee would extend the time of payment one year from that time, and that the proposition was accepted and part of the agreed interest paid, and Fleming's note for $264.25 executed for the balance.

All the evidence agrees that appellee charged Fleming 10 per cent. on the note on which appellants were security, and that the note for $264.25 was taken for the balance of such interest; and there is no dispute as to the fact that appellee charged Fleming $100 interest on the note in dispute for the year 1875, that he took his note for such interest, and that all these sums were credited on the $1,000 note.

But there is an irreconcilable conflict between appellee and Fleming on the question of a contract between the parties for an extension of the time of payment of the note in dispute.   Appellee is positive that he only took Fleming's note for the accrued interest at 10 per cent. after it fell due, and credited same on the note, but that no contract was made with Fleming for any extension of time.   On the other hand Fleming swears that at the time of the execution of the note for $264.25 appellee agreed in consideration of that note and eighty-odd dollars which he had paid him to extend the time for the payment of the note for $1,000 for one year from that date.   This is all the evidence offered as to a contract between appellee and Fleming for an extension of time.

It was also alleged that after the institution of this suit appellee and the surety, Barnett, made a compromise as to Barnett's liability, which was fixed at one-third of the note sued on, and that Barnett withdrew his answer.   These allegations are denied by appellee, and disproved by him and Barnett and other evidence.   Appellee proves that such a compromise was talked of, but abandoned when his lawyer opposed it, and in this he is corroborated by his attorney as well as Barnett's, and by Barnett himself.

It is also alleged that the appellant, Threlkeld, gave appellee notice to sue or collect his debt from Fleming, and that he was induced

16

to countermand such notice and agree to stand bound on Fleming's note for another year by the misrepresentations of appellee made to him as to Fleming's financial condition. These allegations are denied and disproved by appellee, and Fleming proves that Threlkeld agreed to stand bound for him on the note to Davis for another year at his and not at Davis' solicitation.

This suit was an action at law brought on a promissory note, and there was no equitable defense set up to it. All the issues were legal ones, and on them both parties were entitled to a trial by jury. The suit was transferred to equity on the appellant's motion and over appellee's objection and exception, and therefore the judgment of the court must be considered as standing in the place of the verdict of a properly instructed jury, and cannot be disturbed unless flagrantly against the weight of the evidence.

Tried by these rules we think the judgment is supported by the evidence. As to the alleged error committed by the appellee in giving his own deposition the second time, and also taking Barnett's deposition the second time, we are of opinion that the new matter sworn to by these witnesses was not prejudicial to appellants on the issues made, even if they could not have given their second depositions without an order of court, and if appellants have properly raised that question by merely objecting to the reading of instead of excepting to the depositions.

Wherefore the judgment is *affirmed*.

*W. D. Greer,* for appellants.

*Bush & Hendricks, Handlin & Webb, S. H. Pates,* for appellee.